**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SYMBOLY INNOVATIONS LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**BRUNSWICK CORPORATION,**<br>d/b/a LIFE FITNESS,<br><br>　　　　Defendant. | C.A. No. 1:18-cv-00565-GMS<br><br>**TRIAL BY JURY DEMANDED** |

**JOINT STATUS REPORT**

Pursuant to Rule 16, F.R.C.P. 16, D. Del. LR 16.2, and the Court's _____ Oral Order Scheduling a Rule 16.2b Scheduling Teleconference, the parties, by and through their undersigned counsel, jointly submit this Joint Status Report. Counsel for the parties participated in telephone conference pursuant to the Notice of Scheduling Conference and as required by the Fed. R. Civ. P. 26(f) on _____. Ferraiuoli LLC participated on behalf of plaintiff Symbology Innovations LLC ("Plaintiff"), and Fish & Richardson P.C. participated on behalf of defendant Brunswick Corporation ("Defendant").

　　1.　　**Jurisdiction and Service:** (Does the court have subject matter jurisdiction? Are all parties subject to the court's jurisdiction? Do any remain to be served?)

　　The Court has subject matter jurisdiction over the claims and counterclaims. For the sole purpose of this case, all parties are subject to the Court's jurisdiction. All parties have been served.

　　2.　　**Substance of the Action:** (What are the factual and legal bases for plaintiff's claims and defendants' defenses?)

This is an action for alleged infringement of United States Patent Nos. 8,424,752 (the "'752 patent"); 8,651,369 (the "'369 patent"); and 8,936,190 (the "'190 patent") (collectively the "Patents-In-Suit") pursuant to 35 U.S.C. § 271 either literally or under the doctrine of equivalents.

Defendant seeks declaratory judgments of non-infringement, invalidity, and unenforceability of the Patents-in-Suit. Defendant also seeks an order of dismissal on the basis that the claims of the Patents-in-Suit are directed to patent-ineligible subject matter under 35 U.S.C. § 101. Defendant may also seek an award of costs, expenses, and attorneys' fees.

3. **Identification of Issues:** (What factual and legal issues are genuinely in dispute?)

The material factual and legal issues to be resolved at trial will be further refined through the discovery process. The Parties presently anticipate that the court or jury will need to resolve the following issues:

A. The proper construction of one or more terms which appear within the asserted claims of the Patents-in-Suit;

B. Whether the claims of the Patents-in-Suit are directed to patent-ineligible subject matter under 35 U.S.C. § 101;

C. Whether the Patents-in-Suit are invalid;

D. Whether the Patents-in-Suit are unenforceable due to inequitable conduct;

E. Whether any valid claim of the Patents-in-Suit is infringed; and

F. Whether Defendant is entitled to attorney's fees under 35 U.S.C. § 285 and an award of costs and expenses.

4. **Narrowing of Issues:** (Can the issues in litigation be narrowed by agreement or by motions? Are there dispositive or partially dispositive issues appropriate for decision on motion?)

At this moment the parties do not foresee the issues being narrowed down by agreement.

On May 8, 2018 Defendant filed a dispositive motion requesting dismissal of the case under Rule 12(b)(6) because the Patents-in-Suit purportedly do not embrace patent-eligible subject matter. On May 29, 2018 Plaintiff filed an opposition to Defendant's motion and an Amended Complaint. On June 12, 2018, filed a Rule 12(b)(6) motion to dismiss Plaintiff's Amended Complaint, which contends that the claims of the Patents-in-Suit are invalid under 35 U.S.C. § 101 for failure to claim patent-eligible subject matter. To the extent the Court agrees with Defendant, this case will fully resolve.

5. **Relief:** (What specific relief does plaintiff seek? What is the amount of damages sought and generally how is it computed?)

Plaintiff seeks a judgment that Defendant infringes at least claim 1 of the Patents-in-Suit and that Defendant be permanently restrained and enjoined from directly and/or indirectly infringing the Patents-in-Suit. Plaintiff further seeks an award of damages pursuant to 35 U.S.C. § 284 sufficient to compensate Plaintiff for Defendant's past infringement and any continuing and/or future infringement up until the date that Defendant is finally and permanently enjoined from further infringement, including compensatory damages. Plaintiff also seeks assessment of pre-judgment and post-judgment interests and costs against Defendant, together with an award of such interests and costs, in accordance with 35 U.S.C. § 284.

Defendant seeks declaratory judgments of non-infringement, unenforceability, and invalidity of the Patents-in-Suit. Defendant also seeks an order of dismissal on the basis that the

claims of the Patents-in-Suit are directed to patent-ineligible subject matter under 35 U.S.C. § 101. Defendant may also seek an award of costs, expenses, and attorneys' fees.

6. **Amendment of Pleadings:**

On May 29, 2018 Plaintiff filed an Amended Complaint. The Parties have included a deadline for amendments to the pleadings without leave of the Court in their proposed case schedule.

7. **Joinder of Parties:**

At this time, the parties are not aware of any entities that need to be joined as parties at this time, but reserve the right to seek the Court's leave should the need arise.

8. **Discovery:**

At present, the Parties believe that discovery may proceed in accordance with the default limits imposed by the Federal Rules of Civil Procedure, with the exceptions that:

(1) There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Requests for admission directed to document authentication shall be clearly denoted as such;

(2) Each Party may serve up to 45 requests for admission;

(3) There are no limits on the number of depositions upon written questions of custodians of business records for third parties taken pursuant to Rule 31;

(4) A maximum of 25 interrogatories shall be served by each party to any other party;

(5) Each side is limited to a maximum of 56 hours for taking fact depositions of the opposing party and other witnesses within that opposing party's control, and a total limit of 70 hours for all fact depositions.

Unless otherwise agreed, the daily limit of seven (7) hours shall apply to all depositions. Time toward the daily limit of seven (7) hours will count whether used in direct examination or cross-examination of any witness. Unless otherwise agreed, depositions of defendant and its employees shall take place in the deponent's city of residence and at a mutually agreeable time for the parties. Counsel should confer in advance to schedule depositions at mutually convenient times and places. The Parties agree to cooperate in connection with discovery whenever possible and discuss in good faith any future alterations to the default discovery limits set forth within the Federal Rules of Civil Procedure if the need arises.

**Expert Discovery**: The Parties stipulate that draft expert reports and communications with experts are not discoverable pursuant to Rule 26(b)(4). However, all materials that an expert relied upon in forming the opinions expressed in a final report shall be discoverable. Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. Each party shall be limited to three testifying experts at trial per opposing party.

| Event | Deadline |
|---|---|
| Rule 26(a) Initial Disclosures | July 12, 2018 |
| Joinder of other Parties and Amendment of Pleadings | July 12, 2018 |
| Plaintiff Identifies Accused Products and Asserted Patents and Produces File Histories | July 20, 2018 |
| Defendant Produces Core Technical Documents | August 17, 2018 |
| Plaintiff Produces Initial Claim Chart | September 7, 2018 |
| Defendant Produces Initial Invalidity | October 19, 2018 |

| | |
|---|---|
| Contentions | |
| Exchange of Lists of Proposed Terms for Claim Construction | November 16, 2018 |
| Exchange of Proposed Constructions for Identified Terms | December 14, 2018 |
| Disclose Whether Defendant Relies Upon Advice of Counsel | December 14, 2018 |
| If Defendant Relies Upon Advice of Counsel, Defendant Produces Opinion | January 18, 2019 |
| Opening Cross Claim Construction Briefs | March 1, 2019 |
| Answering Cross Claim Construction Briefs & Joint Appendix | March 29, 2019 |
| Final Joint Claim Construction Chart | April 12, 2019 |
| *Markman* Hearing | June 4, 2019 |
| Fact Discovery Closes | September 13, 2019 |
| Opening Expert Report | October 11, 2019 |
| Rebuttal Expert Report | November 15, 2019 |
| Expert Discovery Closes | December 20, 2019 |
| Summary Judgment Opening Letter Brief | February 28, 2020 |
| Summary Judgment Answering Letter Brief | March 27, 2020 |
| Summary Judgment Reply Letter Brief | April 10, 2020 |
| Pretrial Order | June 19, 2020 |
| Pretrial Conference | July __, 2020 |
| Trial | August __, 2020 |

9.      **Estimated trial length:** (Is it feasible or desirable to bifurcate issues for trial? Is it possible to reduce the length of the trial by stipulations, use of summaries or statements, or other expedited means of presenting evidence?)

The parties anticipate that a trial will take 5 days. The parties are not in a position to determine if they agree with bifurcating issues for trial.

10.     **Jury trial:**

The parties have demanded a jury trial on all issues so triable.

11.     **Settlement:** (Have there been settlement discussions? What are the prospects for settlement? Is referral to the Magistrate for mediation or other ADR mechanism appropriate?)

No settlement discussions have taken place.

Defendant contends that a settlement conference is unnecessary at this time and that mediation should occur, if at all, after the Court issues its order on claim construction.

12.     Such other matters as counsel considers conducive to the just, speedy and inexpensive determination of this action.

The Parties consent that service by electronic means shall be allowed as set forth in Federal Rule of Civil Procedure 5(b)(2)(E) and that such service shall be deemed complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful. The parties agree that a document is deemed served on a particular day if sent by midnight CT on that calendar day; otherwise it is deemed served on the next calendar day.

The Parties will promptly seek from the Court the entry of a stipulated mutual protective order safeguarding the confidentiality of information and documents produced in discovery

pursuant to Rule 26(c) in a manner to be agreed upon by the Parties. The Parties agree not to propound discovery until such stipulated protective order is entered.

       13.    A statement that counsel for the parties have conferred about each of the above matters.

Counsel for the parties certify that they have conferred about each of the above matters.

Dated: June 7, 2018

**FISH & RICHARDSON P.C.**

By: /s/ Jeremy D. Anderson
Jeremy D. Anderson (No. 4515)
222 Delaware Avenue, 17th Floor
Wilmington, Delaware 19801
(302) 658-5070 (Telephone)
(302) 652-0607 (Facsimile)
janderson@fr.com

Neil J. McNabnay, pro hac vice filed
David B. Conrad, pro hac vice filed
Ricardo J. Bonilla, pro hac vice filed
Theresa M. Dawson, pro hac vice filed
Rodeen Talebi, pro hac vice filed
1717 Main Street, Suite 5000
Dallas, Texas 75201
(214) 747-5070 - Telephone
(214) 747-2091 - Facsimile
mcnabnay@fr.com
conrad@fr.com
rbonilla@fr.com
tdawson@fr.com
talebi@fr.com

**COUNSEL FOR DEFENDANT BRUNSWICKCORPORATION, d/b/a LIFE FITNESS**

Respectfully Submitted,

STAMOULIS & WEINBLATT LLC
/s/Stamatios Stamoulis
Stamatios Stamoulis (#4606)
stamoulis@swdelaw.com
Richard C. Weinblatt (#5080)
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, Delaware 19809
Telephone: (302) 999-1540

Eugenio J. Torres-Oyola
USDC No. 215505
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000
Facsimile: (787) 766-7001
Email: etorres@ferraiuoli.com

Jean G. Vidal Font
USDC No. 227811
**Ferraiuoli LLC**
221 Plaza, 5th Floor
221 Ponce de León Avenue
San Juan, PR 00917
Telephone: (787) 766-7000

Facsimile: (787) 766-7001
Email: jvidal@ferraiuoli.com

**ATTORNEYS FOR PLAINTIFF
SYMBOLOGY INNOVATIONS LLC**