**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SYMBOLY INNOVATIONS LLC,**<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>**BRUNSWICK CORPORATION,**<br>d/b/a **LIFE FITNESS,**<br><br>　　　　Defendant. | C.A. No. 1:18-cv-00565-GMS<br><br>**TRIAL BY JURY DEMANDED** |

**SCHEDULING ORDER
[PATENT]**

This _____ day of _____ 20___, the Court having conducted a Rule 16 Scheduling Conference pursuant to Local Rule 16.2(b) on _____, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation or binding arbitration;

　　IT IS ORDERED that:

　1. **Preliminary Disclosures**

　　a.　**Rule 26(a) Initial Disclosures**.  Unless otherwise agreed to by the parties, they shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) on or **July 12, 2018**.

　　b.　**Initial Discovery in Patent Litigation.**

　　　i. On or before **July 20, 2018**, plaintiff shall specifically identify the accused products and the asserts patents they allegedly infringe and produce the file history for each asserted patent.

1

ii. On or before **August 17, 2018**, defendant shall produce to the plaintiff the core technical documents related to the accused product(s), including but not limited to operations manuals, product literature, schematics, and specifications.

iii. On or before **September 7, 2018**, plaintiff shall produce to each defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes.

iv. On or before **October 19, 2018**, defendant shall produce to plaintiff its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals, patents).

2. **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before **July 12, 2018**.

3. **Reliance Upon Advice of Counsel**. Defendant shall inform plaintiffs whether it intends to rely upon advice of counsel as a defense to willful infringement no later than **December 14, 2018**. If defendant elects to rely on advice of counsel as a defense to willful infringement, defendant shall produce any such opinions on which defendant intends to rely to plaintiff no later than **January 18, 2019**.

4. *Markman* **Claim Construction Hearing**. A *Markman* claim construction hearing shall be held on **June 4, 2019** at 9:00 a.m. The *Markman* hearing is scheduled for a total of 4 hours with each side having 2 hours. The parties shall meet and confer regarding narrowing and reducing the number of claim construction issues. On or before **November 16, 2018**, the parties shall exchange a list of proposed terms for claim construction. On or before **December 14, 2018**, the parties shall exchange proposed constructions for the identified terms. On or before **April 12, 2019**, the parties shall submit a Final Joint Claim Chart which shall include citations to

intrinsic evidence. The plaintiff shall submit to the court, a Joint Appendix of Intrinsic Evidence (the "Joint Appendix") containing all intrinsic evidence relied upon in the claim construction briefing. A sample table of contents of the Joint Appendix can be located on this court's website at www.ded.uscourts.gov. The Joint Appendix shall be filed on the same day as the answering claim construction briefs. The parties shall file opening claim construction briefs on **March 1, 2019**, and answering claim construction briefs on **March 29, 2019**. Briefing will be presented pursuant to the court's Local Rules.

5. **Discovery**. All fact discovery in this case shall be initiated so that it will be completed on or before **September 13, 2019**. Opening expert reports on issues on which a party bears the burden of proof shall be served on or before **October 11, 2019**. Rebuttal expert reports shall be served on or before **November 15, 2019**. Expert Discovery in this case shall be initiated so that it will be completed on or before **December 20, 2019**.

a. **Discovery and Scheduling Matters**: Should counsel find they are unable to resolve a discovery[1] or scheduling matter, the party seeking the relief shall contact chambers at (302) 573-6470 to schedule a telephone conference. Not less than forty-eight hours prior to the teleconference, the parties shall file with the court, via electronic means (CM/ECF), a **Joint Letter Agenda**, which is **non-argumentative**, not to exceed two (2) pages outlining the issue(s) in dispute.

A sample letter can be located on this court's website at www.ded.uscourts.gov. After the parties have had three (3) discovery teleconferences, they will be required to file a joint letter showing good cause why the court should permit a fourth discovery teleconference. Should the court find further briefing necessary upon conclusion of the telephone conference, unless otherwise

---

[1] **Unless the court otherwise orders, should counsel be unable to agree on the discovery of paper and electronic documents, the court's "Default Standard for Discovery, Including Discovery of Electronically Stored Information" ("ESI") shall govern.**

directed, the party seeking relief shall file with the court a **TWO PAGE LETTER**, exclusive of exhibits, describing the issues in contention. The responding party shall file within five (5) days from the date of service of the opening letter an answering letter of no more than **TWO PAGES**. The party seeking relief may then file a reply letter of no more than **TWO PAGES** within three (3) days from the date of service of the answering letter.

6. **Confidential Information and Papers filed under Seal**. Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, they should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within ten (10) days from the date of this order. When filing papers under seal, counsel should deliver to the Clerk an original and two copies of the papers.

**If after making a diligent effort the parties are unable to agree on the contents of the joint proposed protective order, then they shall follow the dispute resolution process outlined in paragraph 5(a).**

7. **Settlement Conference**. Pursuant to 28 U.S.C. §636, this matter is referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement. The parties shall wait to be contacted by the assigned United States Magistrate Judge.

8. **Summary Judgment Motions**. Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief shall be no longer than five (5) pages and shall be filed with the Court no later than **February 28, 2020**. Answering letter briefs shall be no longer than five (5) pages and filed with the court no later than **March 27, 2020**. Reply letter briefs shall be no longer than three (3) pages and filed with the Court on or before **April 10, 2020**. If the Court determines that

argument is necessary to assist in the resolution of any request to file summary judgment, it shall notify the parties of the date and time on which the Court will conduct a telephone conference to hear such argument.  **Unless the Court directs otherwise, no letter requests to file a motion for summary judgment may be filed at a time before the dates set forth in paragraph 8.**

      9.    **Case Dispositive Motions**: To the extent permitted, all case or issue dispositive motions shall be served and filed within two weeks of the Court's decision to permit the filing of such motions.  Briefing will be presented pursuant to the Court's Local Rules.  The parties may agree on an alternative briefing schedule.  Any such agreement shall be in writing and filed with the Court for the Court's approval.  Any request for extensions of time as set forth in this Scheduling Order **must** be accompanied by an explanation or your request will be denied.

      10.    **Applications by Motion**.  Except as provided in this Scheduling Order or for matters relating to scheduling, any application to the Court shall be by written motion filed, via electronic means (CM/ECF).  Unless otherwise requested by the Court, counsel shall **not** deliver copies of papers or correspondence to Chambers.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

      11.    **Oral Argument**.  If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to District of Delaware Local Rule 7.1.4.

      12.    **Pretrial Conference**.  On **July __, 2020**, beginning at 9:30 a.m., the Court will hold a Pretrial Conference, in Chambers for Jury trials and via telephone for Bench trials, with counsel.  Unless otherwise ordered by the Court, the parties should assume that filing the Joint Pretrial Order satisfies the pretrial disclosure requirement in Federal Rule of Civil Procedure 26(a)(3).  A sample form of Pretrial Order can be located on this court's website at

www.ded.uscourts.gov. Thirty (30) days before the Joint Proposed Pretrial Order is due, plaintiff's counsel shall forward to defendant's counsel a draft of the pretrial order containing the information plaintiff proposes to include in the draft. Defendant's counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information defendant proposes to include in the proposed pretrial order. Motions *in limine*[2]: NO MOTIONS IN LIMINE SHALL BE FILED; instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day). The parties shall file with the court the joint Proposed Final Pretrial Order in accordance with the terms and with the information required by the form of Final Pretrial Order, which can be located on this court's website at www.ded.uscourts.gov on or before **June 19, 2020**.

14. Trial. This matter is scheduled for a 2-day (jury or bench) trial beginning at 9:30 a.m. on **August __, 2020**.

15. **Scheduling**: The parties shall contact chambers, at (302) 573-6470, only in situations where scheduling relief is sought, and only then when ALL participating counsel is on the line for purposes of selecting a new date.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The parties should simply list, in an Exhibit to be attached to the Pretrial order, the issues under a heading such as "Plaintiff's [name of party] List of Evidentiary Issues It Intends To Raise."